

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
10/11/2017

| | | |
|---|---|---|
| IN RE: | § | |
| HOUSTON BLUEBONNET, L.L.C. | § | CASE NO: 16-34850 |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |

## <u>MEMORANDUM OPINION</u>

The estate of Jane Japhet Guinn *et al* (the "Japhets") and Henry R. Hamman *et al* (the "Hammans") filed a motion for approval of certain pleadings and other filings as their respective informal proofs of claim in the chapter 11 bankruptcy of Houston Bluebonnet, L.L.C.  The Japhets and Hammans argue that their pleadings, motions, orders, and other documents filed in Houston Bluebonnet's bankruptcy case and in actions removed to state court qualify as informal proofs of claim.  The Japhets and Hammans argue that the referenced items make demands on Houston Bluebonnet's bankruptcy estate and evince an intention to hold it liable.  Houston Bluebonnet opposes the Japhets' and Hammans' motion, asserting that the Japhets' and Hammans' filings lack the information necessary to constitute an informal proof of claim, that those filings were filed long after the bar date for proofs of claims, and that it would be inequitable to recognize these filings as informal proofs of claim this late in its chapter 11 bankruptcy.

The Japhets' and Hammans' motion is granted.  However, the Japhets' and Hammans' informal proofs of claim are determined to lack prima facie validity.

### Background

On October 17, 1913, George Hamman *et al* conveyed certain oil, gas, and mineral leases to Producers Oil Company.  (Case No. 16-3251, ECF No. 1-17 at 8–9).  This assignment transferred several oil and gas leases covering lands in Brazoria County, Texas, and reserved for

the assignors a 1/8 net proceeds interest from the sale of oil, gas, or other minerals produced on the underlying lands.  (Case No. 16-3251, ECF No. 1-17 at 9).

In 1919, Dan A. Japhet and others executed a 20-acre oil and gas lease with Humble Oil & Refining Company in return for $200,000 and a 25% net profits interest.  (Case No. 16-3225, ECF No. 2 at 4).  The 20 acres of land were located in the West Columbia Field in Brazoria County, Texas.  (Case No. 16-3225, ECF No. 2 at 4).  Japhet personally owned 52/60 of the reserved net profits interest.  (Case No. 16-3225, ECF No. 2 at 4).

On June 22, 1920, George Hamman, John Hamman, and the other owners of the 1/8 net proceeds interest under the 1913 assignment entered into a settlement agreement and assignment with Humble.  (Case No. 16-3251, ECF No. 1-17 at 10).  This agreement permitted the Hammans and other owners to elect to receive their share of the oil produced from the Japhet 20 acres in kind and to become working interest owners in the lease instead of net proceeds interest owners.  (Case No. 16-3251, ECF No. 1-17 at 10).

The Japhets are the heirs and assignees of Japhet while Houston Bluebonnet is a successor in interest to Humble.  (Case No. 16-3225, ECF No. 2 at 4).  The Hammans are the successors in interest of John and George Hamman.  (Case No. 16-3251, ECF No. 1-17 at 10).

In 2004, the Japhets filed a lawsuit against various defendants in the 149th District Court of Brazoria County, Texas (Cause No. 75054-CV).  (ECF No. 3 at 4 n.1).  The Japhets contend in their state court suit that, under a chain of title from Dan A. Japhet, they own an undivided 52/60th working interest of the net profits realized by Humble's successors from the operations conducted on the 20 acres assigned under the 1919 lease.  (Case No. 16-3225, ECF No. 1-13 at 5).  Consequently, the Japhets' suit seeks: to recover title and possession of the Japhet net profits interest; specific performance of the 1919 lease; a declaratory judgment of their rights to the ¼

net profits interest; judgment for damages and prejudgment interest arising from the defendants' failure to pay the net profits interest when required; and a declaration that, due to defendants' defaults under the lease, the lease terminated and the rights in it reverted back to the Japhets and Hammans.  (ECF No. 59 at 3–5; ECF No. 59-1).

On March 19, 2009, the Japhets added Houston Bluebonnet to the Brazoria County lawsuit as a defendant.  (ECF No. 3 at 4 n.1; Case No. 16-3225, ECF No. 2 at 5).

Henry R. Hamman and the George and Mary Josephine Hamman Foundation filed suit on November 25, 2013, in the 149th District Court of Brazoria County, Texas, against Kenneth Lyle and 13 other defendants—including Houston Bluebonnet.  (Case No. 75054-CV).  The Hammans claim to have succeeded to a portion of the net proceeds interest reserved by George Hamman in the 1913 assignment to Producers, and to be a successor of George Hamman. (Case No. 16-3251, ECF No. 1-17 at 10–11).  Consequently, the Hammans' suit seeks: a declaratory judgment that the defendants in its case are bound to pay the Hammans their 1/8 net proceeds interest; damages stemming from the defendants' failure and refusal to perform under the 1913 assignment; and damages and prejudgment interest as authorized by Texas law for all net proceeds due to them from production under the relevant assignments.  (Case No. 16-3251, ECF No. 1-17 at 12–13).

On September 30, 2016, Houston Bluebonnet filed a voluntary chapter 11 bankruptcy petition.  (ECF No. 1).  Simultaneously, Houston Bluebonnet removed the Japhets' and Hammans' state court suits to this Court.  (ECF Nos. 3, 13).  The Court abstained from hearing the Japhets' suit and remanded it to the District Court of Brazoria County on December 6, 2016. (Case No. 16-3225, ECF Nos. 10, 11).  The Court granted partial summary judgment in favor of the Hammans on September 15, 2017.  (ECF Nos. 27, 28).

The Hammans and Japhets are listed in Houston Bluebonnet's Original Schedule F and Amended Schedule F as unsecured creditors with unliquidated, disputed claims.  (ECF No. 4 at 8–9; ECF No. 34 at 1–3).

On September 7, 2017, the Japhets and Hammans filed a joint motion for approval of certain pleadings and other filings to serve as their respective informal proofs of claim.  (ECF No. 59).  Although they failed to file a traditional proof of claim in accordance with the Federal Rules of Bankruptcy Procedure by the February 13, 2017, claims bar date in Houston Bluebonnet's bankruptcy case, the Japhets and Hammans argue that their pleadings and other filings with this Court contain sufficient information and notice to constitute informal proofs of claim.  (ECF No. 59 at 2–3).  Together, these filings purportedly include detailed written allegations of fact and law stating the Japhets' and Hammans' claims against Houston Bluebonnet and seeking payment of their net profits and proceeds interests.  (ECF No. 59 at 8–9).

Houston Bluebonnet filed a response to the Japhets' and Hammans' motion on September 22, 2017.  (ECF No. 64).  In its response, Houston Bluebonnet asserts that the Japhet and Hamman filings do not constitute informal proofs of claim because they do not state a monetary pre-petition claim, do not give the basis on which to calculate such a claim, and do not cover what would constitute a group of claims on behalf of a group of plaintiffs.  (ECF No. 64 at 4).  Houston Bluebonnet additionally claims that the Japhets' filings do not illustrate an intention to pursue a claim in this Court because they insist all disputes be resolved in state court.  (ECF No. 64 at 6).  Concurrently, the Hammans' assert their filings were filed after the claims bar date.  (ECF No. 64 at 6).  Finally, Houston Bluebonnet argues that recognition of any informal claims on behalf of the Japhets or Hammans would be inequitable because they were represented by

qualified counsel and were aware of the bar date for claims yet waited until after the bar date before taking any action.  (ECF No. 64 at 7).

On September 26, 2017, Houston Bluebonnet filed a supplemental response to the Japhets' and Hammans' motion.  (ECF No. 66).  In this supplement, Houston Bluebonnet asserts that state court pleadings and notices of removal—upon which the Japhets and Hammans rely in their motion—cannot constitute informal claims because they are not filed with the bankruptcy court.  (ECF No. 66 at 1).  Alternatively, the notices of removal were filed by Houston Bluebonnet, not the purported claimants, thus preventing such filings from being construed as a demand on Houston Bluebonnet.  (ECF No. 66 at 2).  Finally, the removals were not filed within the time period allowed for such claims under 11 U.S.C. § 501(c) and Federal Rule of Bankruptcy 3004.  (ECF No. 66 at 2).

The Court held a hearing on the Japhets' and Hammans' motion on September 27, 2017. The Court took this matter under advisement at the conclusion of that hearing.

## Analysis

### *Informal Proof of Claim*

To qualify as an informal proof of claim within the Fifth Circuit: (i) a claim must be in writing; (ii) the writing must contain a demand by the creditor on the debtor's estate; (iii) the writing must evidence an intent to hold the debtor liable for such debt; (iv) the writing must be filed with the bankruptcy court; and (v) allowance of the claim must be equitable under the circumstances.  *Nikoloutsos v. Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000).  The first four elements provide notice to the debtor and bankruptcy court, thus assisting with the orderly disposition of the claims.  *Id.*  The fifth element falls within a bankruptcy court's equitable power.  *Id.*  Overall, all proofs of claim—both formal and informal—must conform to the

substance of the appropriate Official Form.   FED. R. BANKR. P. 3001(a); *In re Am. Classic Voyages Co.*, 405 F.3d 127, 131–32 (3d Cir. 2005)

The Japhets' and Hammans' pleadings and filings in Houston Bluebonnet's bankruptcy case sufficiently constitute informal proofs of claim under the *Nikoloutsos* test.

*Claim must be in writing*

Each of the Japhets' and Hammans' pleadings and filings in this case and the removed actions are in writing and are a part of the Court's docket.

*Writing must contain a demand and evidence an intention to hold the debtor liable*

The Japhets' and Hammans' pleadings and filings contain demands upon Houston Bluebonnet.  For example, the Japhets' Seventh Amended Petition, filed in state court and subsequently removed by Houston Bluebonnet to this Court, contains five distinct claims by the Japhets for relief against Houston Bluebonnet.  (Case No. 16-3225, ECF No. 1-13).  The Hammans' Second Amended Petition, also filed in state court and subsequently removed by Houston Bluebonnet to this Court, contains five separate claims by the Hammans against Houston Bluebonnet.  (Case No. 16-3251, ECF No. 1-17).  Together, these claims seek to hold Houston Bluebonnet accountable for payment of net profits and proceeds interests purportedly due to the Japhets and Hammans under various leases and assignments.  (*See also* ECF No. 21 (Japhets' motion for relief from the automatic stay); Case No. 16-3225, ECF No. 2 (Japhets' Motion for Abstention and Remand); Case No. 16-3251, ECF No. 11 (Hammans' motion for leave to file third amended complaint); Case No. 16-3251, ECF No. 19 (Hammans' motion for summary judgment)).

*Writing must be filed with the bankruptcy court*

There is no dispute that the writings were filed with the Bankruptcy Court. However, the writings were attached to the removal papers. The removal papers were filed by Houston Bluebonnet rather than by the Japhets and Hammans.

Houston Bluebonnet asks the Court to disregard the writings since they were not filed with the Court by the party making the demand against the estate. (ECF No. 66 at 1–2). Nevertheless, it is unambiguous that these writings evidencing the demands were filed with the Court. Houston Bluebonnet argues that, pursuant to *In re Barker, No. BAP MT-13-1393*, a document filed by a debtor cannot reasonably be construed as a demand by a creditor. 2014 WL 1273765, at *4 (B.A.P. 9th Cir. Mar. 28, 2014), *aff'd*, 839 F.3d 1189 (9th Cir. 2016). This argument is unpersuasive. The writing relied upon in *In re Barker* for application of the informal proof of claim doctrine was the debtor's schedules. *Id.* Here, the writings relied upon are not Houston Bluebonnet's own documents but those of the Japhets and Hammans filed with Houston Bluebonnet's notices of removal. Accordingly, even though the Japhets' and Hammans' state court pleadings were technically filed by Houston Bluebonnet, those filings were adequately filed with this Court.

*Allowance of the claim must be equitable*

The allowance of the Japhets' and Hammans' pleadings and filings would be equitable under the circumstances of this proceeding. As evidenced by these filings, the Japhets and Hammans persistently prosecuted their claims against Houston Bluebonnet throughout the existence of the state court and bankruptcy proceedings. Additionally, each of the adversary proceedings stemming from Houston Bluebonnet's bankruptcy case (Case Nos. 16-3251, 16-3225) deal solely with the Japhets' and Hammans' claims against Houston Bluebonnet. While

the Japhets' and Hammans' attorney failed to file a formal proof of claim, Houston Bluebonnet still received ample notice of the Japhets' and Hammans' intentions to assert their claims against it.  The allowance of the Japhets' and Hammans' claims is consequently equitable in this proceeding.

Most importantly, this bankruptcy case was commenced by Houston Bluebonnet to avoid the effect of the Japhets' and Hammans' claims.  It would be most inequitable to allow those claims—well known to Houston Bluebonnet and the Court—to be avoided on a technical basis.

Accordingly, the Japhets' and Hammans' motion for approval of certain pleadings and other filings as their respective informal proofs of claim is granted.

### *Proof of Claim Validity*

A proof of claim is a written statement setting forth a creditor's claim.  FED. R. BANKR. P. 3001(a).  The filing of "a proof of claim is analogous to the commencement of an action within the bankruptcy proceeding."  *In re Ira Haupt & Co.*, 253 F. Supp. 97, 98–99 (S.D.N.Y. 1966), *modified sub nom. Henry Ansbacher & Co. v. Klebanow*, 362 F.2d 569 (2d Cir. 1966).  "The filing of a proof of claim effectively commences a proceeding within the bankruptcy proceeding to establish its provability, priority, amount, etc."  *Id.*  A party that files a proof of claim in accordance with the Federal Rules of Bankruptcy Procedure is deemed to have established a prima facie case against the debtor's assets.  11 U.S.C. § 502(a); FED. R. BANKR. P. 3001(f); *see also In re Fid. Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

A proof of claim must "be executed by the creditor or the creditor's authorized agent."  FED. R. BANKR. P. 3001(b).  A proof of claim that conforms substantially to the appropriate Official Form, and that is filed in accordance with Rule 3001, constitutes prima facie evidence of validity of the claim.  11 U.S.C. § 502(a); FED. R. BANKR. P. 3001(f).  Accordingly, a creditor's

proof of claim is prima facie valid if the creditor completes all required portions of the Official Bankruptcy Proof of Claim Form, attaches all supporting documents available for that claim, and meets the requirements of any applicable subparagraph of Rule 3001. *See In re Harris*, 492 B.R. 225, 227–28 (Bankr. S.D. Tex. 2013) (discussing the required use of the Official Proof of Claim Form under Rule 3001, as well as the Form's requirements). Ultimately, a proof of claim must fulfill its "essential purpose of providing objecting parties with sufficient information to evaluate the nature of the claims." *In re Wyly*, 552 B.R. 338, 378 (Bankr. N.D. Tex. 2016).

While the Japhets' and Hammans' pleadings and filings constitute informal proofs of claim against Houston Bluebonnet, those proofs of claims are not prima facie valid. When filling out Official Form 410, a creditor is required to list its name and the dollar amount of its claim, amongst other information. FED. R. BANKR. P. OFFICIAL FORM B410. Here, the Japhets' and Hammans' informal proofs of claim do not include the dollar amount of their claims nor the specific creditors bringing each particular claim. (September 27, 2017 Hearing at 2:16:12 P.M.). These informal proofs of claim are thus incomplete, do not substantially conform to the appropriate Official Form, and are not prima facie valid.

While an incomplete proof of claim is not prima facie valid, the claim is not automatically disallowed. *See In re Armstrong*, 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005). However, a debtor has no evidentiary burden to overcome when objecting to a claim that is not prima facie valid. *eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (S.D. Tex. 2007). Accordingly, if Houston Bluebonnet objects to the Japhets' and Hammans' informal proofs of claim, and after notice to the relevant parties, the Court will hold a hearing to determine the allowed amount, if any, of those claims pursuant to 11 U.S.C. § 502(b). The burden at that hearing would be on the Japhets and Hammans to prove their claims under state

law. *See In re Gilbreath*, 395 B.R. 356, 364–65 (Bankr. S.D. Tex. 2008), *as amended* (Nov. 19, 2008).

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **October 10, 2017.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE